[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15787
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20246-RNS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER M. MACK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 4, 2016)

Before WILLIAM PRYOR, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Christopher Mack, who conditionally pleaded guilty to possessing

counterfeit and unauthorized access devices, 18 U.S.C. § 1029(a)(3); to possessing

access-device making equipment, *id.* § 1029(a)(4); and to aggravated identity theft, *id.* § 1028A; appeals the denial of his motion to suppress. Mack argues that police officers' warrantless entry to his residence in violation of the Fourth Amendment tainted evidence later seized by the officers based on a search warrant. Mack also argues that the affidavit in support of the search warrant failed to provide probable cause because it did not connect Mack's residence to any criminal activity. Because we conclude that the officers seized evidence from Mack's residence using a warrant supported by probable cause and based on information obtained before their warrantless entry, we affirm.

The denial of a motion to suppress presents a mixed question of law and fact. *United States v. Timmann*, 741 F.3d 1170, 1177 (11th Cir. 2013). We review findings of fact for clear error and the application of the law to those facts *de novo*. *Id.* "[A] trial judge's choice of whom to believe is conclusive on the appellate court unless the judge credits exceedingly improbable testimony." *United States v. Ramirez–Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (internal quotation marks, ellipses, and citation omitted). "We may affirm the denial of a motion to suppress on any ground supported by the record." *United States v. Caraballo*, 595 F.3d 1214, 1222 (11th Cir. 2010).

Even if we were to assume that the officers' initial entry to secure Mack's apartment without a warrant was unlawful, it would not taint their later seizure of

2

evidence based on a validly issued search warrant. Under the independent source exception to the exclusionary rule, evidence is admissible when it is "obtained from lawful sources and by lawful means independent of the police misconduct." *United States v. Terzado-Madruga*, 897 F.2d 1099, 1115 (11th Cir. 1990). The affidavit in support of the warrant to search Mack's apartment recounted information acquired from a cooperating defendant and the evidence seized from Mack and from his vehicle following his arrest. The affidavit contained no information about Mack's apartment, and the officers who entered the apartment testified that they conducted a "cursory [security] sweep" and did not search for or observe any contraband or items connected to credit card fraud. The district court was entitled to credit the officers' testimony. *See Ramirez–Chilel*, 289 F.3d at 749. Because the affidavit was not based on any information acquired during the warrantless search, the search warrant was not tainted by the alleged violation of Mack's rights under the Fourth Amendment.

The affidavit provided probable cause that Mack's apartment contained evidence of credit card fraud. The affidavit stated that a cooperating defendant confessed that Mack recruited him to collect credit card data on a skimmer device that Mack provided. The affidavit stated that Mack collected the skimmer device from the defendant and walked to his vehicle, which was parked outside an apartment building that was named Brickell on the River. As Mack opened the

3

glove box inside his vehicle, officers arrested him and seized from him the skimmer device transferred during the controlled delivery, a key fob and a ring of keys, an American Express card, and two cellular telephones, one of which Mack had used to send text messages to the cooperating defendant. Officers also discovered inside Mack's vehicle another skimmer device and micro USB cables used to transfer data from skimmer devices to a computer. Mack denied residing in the Brickell, even after officers confirmed the address on a Florida drivers database and with the building concierge and used the key fob and one of Mack's keys to enter the lobby of the building and to unlock the door of his apartment unit. The affidavit also stated that recruiters ordinarily returned the skimmer device to the thief before processing the stolen data and that, "based on his training and experience, . . . [Mack's apartment] would contain fraud related contraband which [would] complement the counterfeit cards, skimmers, and micro USB cables that were in [his] possession . . . ." *See United States v. Joseph*, 709 F.3d 1082, 1100 (11th Cir. 2013). Based on the affidavit, the judge who issued the warrant could "conclude that a fair probability existed that seizable evidence would be found in the place sought to be searched." *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002) (quoting *United States v. Pigrum*, 922 F.2d 249, 253 (5th Cir. 1991)). The affidavit established probable cause to search Mack's apartment.

We **AFFIRM** the denial of Mack's motion to suppress.